IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENT DEWAYNE JOHNSON, § | | |
| TDCJ #659796, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-1563 | |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent.[1] § | | |

**MEMORANDUM AND ORDER**

The petitioner, Brent Dewayne Johnson, is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Johnson has filed a petition for a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction. However, after reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

I.   **BACKGROUND**

Johnson is presently incarcerated at the Telford Unit as the result of an undisclosed criminal conviction. Johnson's petition simply indicates that he returned to TDCJ most recently on June 19, 2003, for violating the terms of his probation. Johnson does not

---

[1] The petition names former TDCJ Executive Director Gary Johnson as the respondent. Because the petitioner is in custody of the Correctional Institutions Division, the Court substitutes Doug Dretke as the proper respondent.

challenge any of his underlying convictions here. Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the Telford Unit, where he remains in custody.

According to the petition, Johnson was found guilty on March 1, 2004, in disciplinary case #20040170974, of violating prison rules by failing to obey an order. As a result of the disciplinary conviction, Johnson was restricted to his cell for fifteen days and he lost fifteen days of commissary privileges. He also forfeited seven days of previously earned good conduct time ("good-time") credits. Johnson filed a step 1 and step 2 grievance to challenge the conviction, but his appeal was unsuccessful.

In his pending petition for federal habeas corpus relief, Johnson complains that he was denied due process at his disciplinary proceeding because he was not allowed to ask questions of the charging officer. Notwithstanding the arguments made in the petition, the Court finds that Johnson is not entitled to federal habeas corpus relief as a matter of law for reasons discussed briefly below.

## II.   DISCUSSION

### A.   Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).

In this case, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(D), from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The disciplinary conviction was entered against the petitioner on March 1, 2004. That date triggered the statute of limitations, which expired one-year later on March 1, 2005. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002) (holding that the one-year statute of limitations begins to run on the date the disciplinary conviction was entered). Johnson's pending petition, signed by him on April 4, 2005,[2] is late by more than a month. Because the pleadings evince no basis for tolling the prescriptive period, the Court concludes that the petition is barred by the statute of limitations. Alternatively, the Court finds that the petition is without merit for reasons set forth briefly below.

**B.    Due Process in the Prison Disciplinary Context**

The petitioner in this case seeks federal habeas corpus relief from a prison disciplinary conviction. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34, 113 S. Ct. 1710, 123 L. Ed.2d 353 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his request for federal habeas corpus relief the petitioner must establish a constitutional violation.

---

[2]   The Clerk's Office received the petition on April 14, 2005. However, the petition is dated April 4, 2005, indicating that Johnson placed his pleadings in the prison mail system on that date. For statute of limitations purposes, courts in this Circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

In the disciplinary hearing context, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed.2d 935 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed.2d 418 (1995). Such an interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*, 515 U.S. at 484 (internal citations omitted). In Texas, only those sanctions resulting in the loss of good-time credits by inmates eligible for release on mandatory supervision or otherwise directly and adversely affecting release on mandatory supervision will result in an imposition upon a protected liberty interest. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). In this case, Johnson ultimately demonstrates no due process violation because the sanctions imposed do not implicate a protected liberty interest.

   **1.** **Sanctions Involving Loss Commissary Privileges and Limited Cell Restriction**

Johnson challenges disciplinary sanctions in the form of curtailed commissary privileges and a temporary cell restriction for fifteen days. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768

5

(5th Cir. 1997). The imposition of a restriction on commissary or recreation privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768; *see also Sandin*, 515 U.S. at 486 (refusing to recognize a liberty interest in administrative segregation). Because a protected liberty interest is not implicated by these sanctions, Johnson cannot show that he is entitled to habeas corpus relief from these forms of punishment.

    **2.    Claims Concerning Lost Good-Time Credits**

As a result of Johnson's disciplinary conviction, prison officials also revoked seven days of previously earned good-time credit. A challenge to the loss of good-time credits generally requires a separate analysis. *See Madison*, 104 F.3d at 768. However, Johnson concedes in his petition that he is not eligible for early release on mandatory supervision. (Docket Entry No. 1, ¶ 16). Because Johnson is not eligible for mandatory supervision, any good-time credits he has earned apply only toward his eligibility for parole.[3] It is well established that there is no protected liberty interest in obtaining parole in Texas. *See Madison*, 104 F.3d at 768-69; *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). In other words, because Johnson has no constitutional right to parole, and he is not eligible for release on

---

[3]     Texas law provides that good-time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. *See* TEX. GOV'T CODE ANN. § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App. 1995).

mandatory supervision, his good-time credit sanction does not affect the length or duration of his confinement and does not implicate a liberty interest of the sort protected by the Due Process Clause. *See Madison*, 104 F.3d at 768-69. Accordingly, Johnson cannot demonstrate a violation of the Due Process Clause in connection with this sanction. *See id.*; *see also Sandin*, 515 U.S. at 487.

Because the sanctions assessed against Johnson do not implicate a protected liberty interest, any claim by him concerning his disciplinary conviction fails to establish the requisite constitutional violation as a matter of law. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). It follows that Johnson is not entitled to habeas corpus relief.

### III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be

taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, — U.S. —, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed.2d 542 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling was correct. Accordingly, a certificate of appealability will not issue in this case.

IV.     **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's application for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **May 12, 2005.**

_____
Nancy F. Atlas
United States District Judge